United States District Court
Middle District of Florida
Jacksonville Division

**LaVerne A. Randolph,**

    *Plaintiff,*

v.                           **No. 3:26-cv-370-MMH-PDB**

**Blue Cross and Blue Shield of
Florida Foundation, Inc.,**

    *Defendant.*

## Order

The plaintiff sues her former employer for alleged discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. Doc. 4.

If a plaintiff is proceeding without prepayment of fees or costs, a court "shall" dismiss the action if at any time the court determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To decide if a plaintiff shows she is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and only the factual allegations—state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An example of an alleged

fact is, "My employer terminated my employment." An example of a legal conclusion is, "My employer discriminated against me because of my race."

The pleading standard does not require detailed factual allegations but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.*

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility differs from probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). In responding to a complaint, a defendant must admit or deny each allegation. Fed. R. Civ. P. 8(b)(1)(B). Using numbered paragraphs and a single set of

circumstances in each paragraph permits a defendant to reference the paragraph number of the allegation when admitting or denying the allegation.

Title VII prohibits employers from discriminating based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a). The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). The ADEA prohibits employers from discriminating based on age. 29 U.S.C. § 623(a). Each act also prohibits employers from retaliating against a person for opposing any "practice" that violates the act or for making a charge, testifying, assisting, or participating in an investigation under the act. *See* 42 U.S.C. § 2000e-3(a) (Title VII); 42 U.S.C. § 12203 (ADA); 29 U.S.C. § 623 (ADEA).

To state a discrimination or retaliation claim under any of the laws, a complaint need not include facts establishing a prima facie case but must include sufficient facts to plausibly suggest discrimination or retaliation based on the protected characteristic. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644 (2020) (Title VII); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam) (Title VII and ADA); *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018) (ADEA).

Under Local Rule 1.08(a) and (b), "each pleading, motion, or other paper, excluding an exhibit, an attachment, a transcript, an image, or other addendum, must conform to [typography] requirements." The rule ensures readability and equal content within page limits. The Local Rules are available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules-effective-november-01-2025.pdf. The typography requirements include double-spacing, specific typefaces, and, generally, a 13-point font.

The plaintiff again fails to state a plausible claim for relief. *See* Doc. 3 at 3. Some paragraphs in the "Factual Background" are factual. *See, e.g.*, Doc. 4 ¶¶ 10, 11, 12, 13 (except for the legal conclusion "disability"), 14, 18, 21 (except for the statement, "Defendant['s] stated reasons for termination were pretextual"), 22. But the remainder are conclusory or mostly conclusory, and she fails to provide sufficient facts to make plausible that the defendant discriminated against her based on her race, disability, or age, or that the defendant retaliated against her based on her race or disability. Membership in a protected class and an adverse employment action alone do not suffice. And the amended complaint violates Local Rule 1.08. The court will provide the plaintiff with a final opportunity to amend the complaint to allege sufficient facts.

By **April 20, 2026**, the plaintiff must file a second amended complaint stating a plausible claim on which relief may be granted. She must comply with the typography requirements of Local Rule 1.08; if she is unable to do so, she can move for the rule's suspension. She must include a short and plain statement of each claim showing she is entitled to relief. She must limit or avoid legal conclusions in the "Factual Background" and instead briefly and plainly explain what occurred, when it occurred, what the defendant did, how what the defendant did relates to her protected characteristic (i.e., race, age, disability), and facts that suggest discrimination or retaliation. She must not reallege all factual allegations for each claim, *see* Doc. 4 ¶¶ 23, 28, 34, 39; instead, she must reallege only those allegations that support the specific claim. The second amended complaint must leave the defendant aware of the factual allegations supporting each claim.

4

The plaintiff may further plausibility by alleging facts that:

- describe her disability (beyond stating she had a "medical condition," *see* Doc. 4 ¶ 15), and explain how the defendant "was aware of [her] disability and need for accommodation," *see* Doc. 4 ¶ 16;

- identify the alleged "similarly situated employees outside [her] protected classes" and explain how they "were not subjected to the same level of scrutiny or disciplinary action under comparable circumstances," Doc. 4 ¶ 19; and

- explain what "adverse employment actions" were taken against her (if she relies on more than her termination), *see* Doc. 4 ¶ 20, the "protected activity" in which she engaged, *see* Doc. 4 ¶ 20, and when she engaged in it, *see* Doc. 4 ¶ 20.

A helpful form the plaintiff may use is attached to this order and available on the court's website, www.flmd.uscourts.gov/forms/all. If she uses the form and needs additional space for the facts of her case, she can attach to the form a sheet with the numbered paragraphs.

**If the plaintiff fails to timely comply with this order, the undersigned may recommend dismissal.** If the time period for suing has passed, the dismissal would operate as a dismissal with prejudice, which would prevent her from litigating her claims now and in the future.

The court's website offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from

a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

**Ordered** in Jacksonville, Florida, on March 30, 2026.

Patricia D. Barksdale
United States Magistrate Judge

Attachment:
    Pro Se 7 form

Copy to:
    Laverne Randolph
    1157 West 8th Street
    Jacksonville, FL 32209

6