**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LAVERNE RANDOLPH,

       Plaintiff,

vs.                                                          Case No.  3:26-cv-370-MMH-PDB

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.,

       Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Proceeding <u>pro</u> <u>se</u>, Plaintiff, LaVerne Randolph, initiated this action on February 20, 2026, by filing the Complaint for a Civil Case (Doc. 1). That same day, Randolph filed her Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2; Application). On February 26, 2026, the Magistrate Judge granted Randolph's Application, stayed the issuance of summons and service of process, and directed Randolph to file an amended complaint that complies with the pleading rules. <u>See</u> Order (Doc. 3) at 1, 3. Randolph filed her Amended Complaint and Demand for Jury Trial (Doc. 4) on March 16, 2026. But, upon review, the Magistrate Judge found that Randolph failed to state a plausible claim for relief and directed her to file a second amended complaint. <u>See</u> Order

(Doc. 5), entered March 30, 2026, at 4. Randolph filed the Second Amended Complaint (Doc. 6) on April 20, 2026. And the Magistrate Judge subsequently directed the issuance of summons and service of process. See generally Order (Doc. 7), entered April 23, 2026.

Upon review of the Second Amended Complaint, the Court finds that it is an improper shotgun pleading and is due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Second Amended Complaint and provide Randolph with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Randolph should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing her corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Randolph as she drafts her corrected complaint. This guidance is not directed at particular deficiencies in the Second Amended Complaint but instead is intended to be generally useful for Randolph as she navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting

Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against [it] and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoted authority omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Additionally, Rule 10 requires that, in a complaint, a plaintiff "state [her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading,

it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here, one such type of improper pleading occurs where the plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). In the Second Amended Complaint, Randolph appears to combine multiple causes of action in Counts III and IV. See Second Amended Complaint at 6. For example, in Count III, Randolph asserts both a claim for age discrimination under the Age

Discrimination in Employment Act and a claim for race discrimination under Title VII of the Civil Rights Act of 1964 (Title VII). <u>See</u> <u>id.</u> Likewise, in Count IV, Randolph appears to assert claims for retaliation under both the Americans with Disabilities Act as well as Title VII. Each of these claims are distinct legal claims that require Randolph to establish different facts, and thus, each claim must be stated in a separately identifiable count.

Because the Second Amended Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Randolph to file a corrected complaint. <u>See</u> <u>Holbrook v. Castle Key Ins. Co.</u>, 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority <u>sua</u> <u>sponte</u> to require the plaintiff to file a more definite statement."). In accordance with Rules 8(a)(2) and 10(b), Randolph must set forth each of her claims in a separately identifiable count. <u>See</u> Rules 8(a)(2), 10(b). Randolph must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis for each of her claims. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

In addition, the Court notes that the Second Amended Complaint appears to violate the Court's typography requirements which are set forth in Local Rule 1.08, Local Rules of the United States District Court for the Middle District of Florida (Local Rules). As such, Randolph is also directed to review the requirements set forth in Local Rule 1.08 and to ensure that her future filings

are in compliance with this and all other Local Rules.[2] Going forward, filings which do not comply with this or any other Local Rule may be stricken.

Finally, prior to filing her corrected complaint, Randolph is encouraged to consider consulting with a legal aid organization that offers free legal services such as Jacksonville Area Legal Aid (JALA). Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Randolph may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[3]

Accordingly, it is

**ORDERED:**

---

[2] As stated previously, the Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office.

[3] In preparing the corrected complaint and any future filings, the Court recommends that Randolph visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Randolph does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

1. Plaintiff's Second Amended Complaint (Doc. 6) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint consistent with the directives of this Order on or before **June 8, 2026**. Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of May 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Pro Se Party